IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00364-MR

| | |
|---|---|
| DAYTON RICE, II, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JAIME MOSLEY, ) <br> ) <br> Defendant. ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on review of the Plaintiff's pro se Complaint. [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 7].

**I.    BACKGROUND**

The pro se Plaintiff, a federal prisoner who is presently incarcerated at the Edgefield Federal Correctional Institution in Edgefield, South Carolina, filed this civil rights action pursuant to 42 U.S.C. § 1983.[1] He names as the sole Defendant Danny Mosley,[2] the Jailer at the Laurel County Correctional

---

[1] The Plaintiff purports to bring this action under the federal analog of § 1983, Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Although he is a federal inmate, he has not named any federal actor as a defendant. Accordingly, the Court liberally construes the action as being brought pursuant to § 1983.

[2] Plaintiff names Jaime Mosley in the caption of his Complaint, but identifies the Defendant as Danny Mosley in the body of the document.

Center (LCCC) in London, Kentucky.[3] [See Doc. 1 at 2]. The Plaintiff appears to claim that he slipped and fell in a shower at the Lauren County Correctional Center. [Id. at 5]. The Plaintiff claims that he injured his leg, back, and hip in the fall and that he did not receive adequate medical care. [Id.]. He appears to seek damages. [Id.].

## II. DISCUSSION

In an action arising under 42 U.S.C. § 1983, venue is established by 28 U.S.C. § 1391(b), which provides that a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred … ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Therefore, under § 1391, the Plaintiff's action may be heard in a venue where all the Defendants reside, or in the venue where the issue

---

[3] "Loral County Holdover" in the Complaint. [Doc. 1 at 2]. Mr. Mosley's title is gleaned from the LCCC website. https://laurelcountycorrections.org/index.html (last accessed on Feb. 14, 2024); see Fed. R. Evid. 201.

substantially arose, which here is the Eastern District of Kentucky. Pursuant to 28 U.S.C. § 1406(a), the Court may dismiss this action or, if it is in the interest of justice, transfer this action to the United States District Court for the Eastern District of Kentucky. The Court will transfer this action to the Eastern District of Kentucky.

### III. CONCLUSION

For the reasons stated herein, this action will be transferred to the Eastern District of Kentucky.

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's action is **TRANSFERRED** to the Eastern District of Kentucky.

2. The Clerk is instructed to terminate this action.

**IT IS SO ORDERED.**

Signed: February 16, 2024

Martin Reidinger
Chief United States District Judge